Allen, J.
delivered the opinion of the court.
The 2d section of the act regulating the jurisdiction of the District courts and Court of appeals, passed June 5th, 1853, Sess. Acts, p. 53, provides that “ the said Supreme court, besides having jurisdiction of all such matters as are' now pending therein, shall have jurisdiction to issue writs of mandamus and prohibition to the District courts. It shall also have jurisdiction to issue a writ of mandamus to a Circuit court when “ necessary to carry into effect any judgment or decree of its own or of any Special court of appeals.” The 3d section provides that each District court shall have jurisdiction to issue writs of mandamus and prohibition to a Circuit court held within the district.” The petition in this case alleges that one Jacob A. Levy lately issued an attachment against the goods and chattels of one A. Kraker, and the same was levied on the goods of the petitioner which were taken possession of by the sheriff of the city of Kichmond, to whom the_ attachment was directed, it being returnable to the Circuit court of the said city. That the petitioner immediately filed his petition, claiming the property, and asked the court for an immediate trial of his right by a jury, under the Code, p. 606, § 25. That the attachment was returnable to the next term of the court which would not be held until May; and the court refused to allow the petitioner to have a trial until that term. That the petitioner was advised that his remedy was by mandamus to compel the Circuit court to hear and try his case; and therefore he prayed that a mandamus be awarded him, directed to the judge of said' *652 court, commanding him to proceed to hear and try said question.
It thus appears that the application is not for the exercise of appellate but original jurisdiction ; and a mandamus is asked to a Circuit court, not for the purpose of carrying into elfect any judgment or decree of its own or of any Special court of appeals, jurisdiction to do which, if not inherent in this court so far at least as it respects its own judgments and decrees, was expressly conferred by the act of June 5th, 1852. There being no law conferring jurisdiction on this court to award a writ of mandamus to a Circuit court in such case; the act referred to, giving general j urisdiction to issue writs of mandamus and prohibition to the District courts only; this court, when the application was first presented, declined, for that reason, to award the rule. But as the counsel of the petitioner contended that this jurisdiction was conferred by'the constitution, and that this court was bound to exercise it in a proper case, notwithstanding the omission of the legislature to give or regulate it, in the law regulating the jurisdiction of the court, the rule was awarded in order that the question might be argued and considered.
The former constitution provided that the judicial power should be vested in a Supreme court of appeals and such Superior courts, &c., and declared that the jurisdiction of these tribunals and of the judges thereof, should be regulated by law. Thus vesting in the courts enumerated and to be established, and the judges and justices, all the judicial power, with the capacity to receive such appropriate jurisdiction as the legislature might confer. The present constitution does not, in the terms of the former, declare that the judicial power shall be vested in the tribunals named. The 1st section of article 6 declares, that “ there shall be a Supreme court of appeals, District courts and Cir *653 euit courts. The jurisdiction of these tribunals, and of the judges thereof, except so far as the same is conferred by this constitution, shall be regulated by law.” The 9th section declares “that the District courts shall not have original jurisdiction except in cases of habeas corpus, mandamus and prohibition.” And the 11th section that “the Supreme court of appeals shall have appellate jurisdiction only, except in cases of habeas corpus, mandamus and prohibition. It shall not have jurisdiction in civil causes where the matter in controversy, exclusive of costs, is less in value or amount than five hundred dollars, except in controversies concerning the title or boundaries of land, the probat of a will, the appointment or qualification of a personal representative, guardian, committee or curator, or concerning a mill, road, way, ferry or landing, or the right of a corporation or of a county to levy tolls or taxes; and except in cases of habeas corpus, mandamus and prohibition, and cases involving freedom or the constitutionality of a law.”
The two clauses respecting the jurisdiction of the District courts and this court, although in one negative words, and in the other affirmative, are used, yet mean the same thing; and are an illustration of the rule that negative words may imply an affirmative, and the reverse. When it is said the District courts shall not have original jurisdiction except in cases of habeas corpus, the capacity to receive appellate jurisdiction is thereby affirmed; and when it is said that this court shall have appellate jurisdiction only, except in cases of habeas corpus, &c. the power of the legislature to confer original jurisdiction except in the specified class of cases is thereby negatived. But though by each form of expression the power to exercise appellate j urisdiction only is conferred on each court except in the particulars enumerated, the exercise of that jurisdic *654 tion must according to the 1st section of article 6th be regulated by law. Otherwise, if all appellate jurisdiction attached to each court by the imperative langliage 0f constitution, (subject only, as to this court to the limitation as to amount contained in the 11th section,) there would be an unlimited right of appeal to one or both courts from all the tribunals of the country. This is not the meaning of the constitution. As has been remarked, the constitution has not in terms vested the ydiole judicial power in the tribunals enumerated. It declares that there shall be certain courts, the jurisdiction of which should be regulated by law, except so far as the-same'was conferred by the constitution. Jurisdiction is not conferred over any particular case by the constitution. It regulates the character of the jurisdiction whether original or appellate, which the District court and this court may exercise; and restricts the power of the legislature so as to prevent it from conferring original jurisdiction of any other character upon them. The cases in which the jurisdiction, whether appellate generally, or original of the character mentioned, must still be designated and regulated by law.
The constitution of Virginia differs very materially from the constitution of the United States in respect to the judicial department. By the latter, article 3, § 1, the judicial power of the United States is vested in one Supreme court and in such inferior courts as congress may from time to time ordain and establish. The 2nd section enumerates the cases to which the judicial power so vested in the courts shall extend. The 3rd section regulating the jurisdiction of the Supreme court, directs that in a portion of the cases, those affecting ambassadors, other public ministers and consuls, and those in which a state shall be a party, it shall have original jurisdiction, and in all the other *655 cases before mentioned it should have appellate jurisdiction, both as to law and fact, with such exceptions and under such regulations as the congress shall make.
In 2 Story on the Constitution, § 1773, it is said, “ that there is certainly very strong ground to maintain that the language of the constitution meant to confer the appellate jurisdiction absolutely on the Supreme court, independent of any action by congress ; and to require this action to divest or regulate it. The language as to the original jurisdiction of the Supreme court, admits of no doubt. It confers it without any action of congress.” In Wiscart v. Dauchy, 3 Dall. R. 321, it was held that if congress had provided no rule to regulate the proceedings of the Supreme court, it could not exercise an appellate jurisdiction. But in the case of Durousseau v. The United States, 6 Cranch’s R. 307, it was said that the appellate powers of the Supreme court are not given by the judicial act: They are given by the constitution ; and had the judicial act created the Supreme court without defining or limiting its jurisdiction, it must have been considered as possessing all the jurisdiction which the constitution assigns to it. This construction of the constitution of the United States rests upon the express grant of original jurisdiction in the enumerated cases, without reference to the mode in which that jurisdiction may be exercised, and of appellate jurisdiction in all the other cases mentioned, subject to such exceptions and regulations as congress may make.
The constitution., of Virginia does not prescribe any case in which the appellate powers of the court shall be exercised, or affirm that it shall exercise original' jurisdiction in all cases of habeas corpus, mandamus and prohibition. No appellate jurisdiction attaches propio vigore to the District or to this court, although the capacity to exercise such appellate jurisdiction when given, is conferred by affirmative words as to this *656 court, and negative words implying the affirmative as District court. And the exception as to original urisdiction in cases of mandamus, habeas corpus and projjibition serves -fco remove a restriction on the powers ^ie legislature, and to endue the court with the' capacity to receive original jurisdiction when conferred in such cases as the law should prescribe, and to which the remedy by habeas corpus, mandamus or prohibition was appropriate.
Similar terms are used in the second clause of § 11, limiting the jurisdiction of this court in civil causes where the matter in controversy, exclusive of costs, is less in value or amount than five hundred dollars, except in controversies concerning the title or boundaries of land, &c., and embracing in this exception also cases of habeas corpus, mandamus and prohibition. If the exception is to be construed as amounting to an affirmative and direct grant of jurisdiction in all the controversies enumerated, without regard to the amount involved, it would be imposing a limitation on the power of the legislature by mere implication, and would preclude it from withdrawing from the appellate or original jurisdiction of this court many controversies which, from the amount involved, or the business of this court, or from other, causes, should be left to the final determination of other tribunals. The object of the exception was not to confer jurisdiction in all controversies of the kind enumerated, but to except such controversies from the operation of the provision limiting the jurisdiction where the matter in controversy was less in value or amount than five hundred dollars. The function of the exception in this as in the other clause of the 11th section, and of the exception in the 9th section, is, to remove a restriction which, but for the exception, would have been imposed on the legislature; and to enable it to confer, under its general power to regulate the juris *657 diction of the courts, appropriate appellate or original jurisdiction in the controversies mentioned, without regard to the value or amount in controversy: giving to the court the capacity to receive and exercise such jurisdiction in such cases, and in conformity with such regulations as the legislature may prescribe.
We are therefore of opinion that legislation is necessary to authorize this court to award a writ of mandamus to a Circuit court in a case like that set forth in the petition; and no law having conferred such jurisdiction, the rule awarded must for that cause be discharged.
Bule discharged.